## COTTLE *v.* WILSON.

*Where in an action to recover the price of a slave, alleged to have died since the sale of an incurable disease which existed at the time of the sale to the knowledge of the vendor, it is shown that from the time when the slave was taken seriously ill he grew gradually worse till his death, no tender of the slave need be alleged or proved. · Per Curiam: No tender could be made during his illness, and it became impossible after his death.*

APPEAL from the District Court of the First District, *Buchanan,* J. *Elwyn,* for the plaintiff. *Frazer* and *Josephs,* for the defendant, contended that plaintiff cannot recover without proof of a tender of the slave to the vendor. · *Janin* v. *Franklin,* 4 La. 190.

The judgment of the court was delivered by

ROST, J. The plaintiff purchased a slave from the defendant for the sum of six hundred dollars, under the usual warranty. He alleges that, five weeks after the purchase, the slave was taken ill, and notwithstanding the best attendance of physicians and nurses, languished, and finally died of an incurable disease of many years duration; that the defendant was aware of the existence of the disease, and concealed it from him; that the expenses of doctors, medicines, nurses and attention to said slave, and of his sepulture, amount to one hundred dollars. He prays that the sale be annulled, and the defendant adjudged to pay him seven hundred dollars and costs. The defendant admits the sale, and denies all the other allegations in the petition. The court below gave judgment in favor of the plaintiff, and the defendant appealed.

His counsel prays for a reversal of the judgment, on the following grounds:

1. That the defendant was not put in default, by a tender of the slave to him.

2. That the slave was sound at the time of the sale and during five weeks thereafter; and that, in the incipient stage of his illness, the defendant did not take such care of him as would, under any circumstances, entitle him to recover.

3. That the testimony does not show what the disease was, nor that it was incurable at the time of the sale.

4. That there is no evidence to sustain the damages allowed by the District Court.

It is in evidence that from the time the slave was taken seriously ill, he grew gradually worse till his death; a tender of him could not be made during his illness, and became impossible after he died.

The uncontradicted testimony of *John Clarkson* proves, that while in the possession of the defendant the slave was sickly, complained of a pain in his side, and was at times unable to do a man's work; that the defendant gave him medicine, and was heard by the witness to say that it would be a great loss if he died. The evidence of *Dr. Ridgely* as to the humanity of the plaintiff, and the care taken of the slave, is explicit and satisfactory.

*Clarkson* proves that a disease existed before the sale to the knowledge of the defendant; and *Dr. Ridgely* states that the disease of which the slave died must have been of two years standing. The fact that, under proper care, death ensued, sufficiently proves that it was incurable.

The amount actually expended by the plaintiff for the last illness and sepulture of the slave is not proved, but *Dr. Ridgely* states that one hundred dollars would be a moderate allowance. The District Court was of that opinion, and we see no reason to interfere.         *Judgment affirmed.*